In a trial to the jury, the defendant was found guilty of the crime of operating a motor vehicle while under the influence of intoxicating liquor in violation of14-227a of the General Statutes. The principal issue presented in his appeal to this court is whether the trial court erred in admitting into evidence the testimony of a police officer as to the defendant's statements that he had consumed intoxicating liquor since those statements were made at a time when the defendant had not been warned of his constitutional rights and did not fully understand those rights.
The facts in this case do not appear to be in dispute. At approximately 11:20 p.m. on August 28, 1974, Trooper Peter Vibert of the state police stopped the defendant's vehicle after observing it being operated in an erratic manner on route 44 in the town of Barkhamsted. The trooper testified that the defendant had great difficulty in locating his driver's license and that after he was requested to remove himself from the vehicle he did so with difficulty. Upon alighting from his vehicle the *Page 698 
defendant appeared to be very unsteady on his feet. He walked with his feet apart to maintain balance and with an unsure gait and a stumbling step.
The trooper suspected that the defendant was under the influence of alcohol. Without being questioned by the police officer the defendant spontaneously said that he had "had too much to drink." Thereafter, the defendant was placed under arrest and advised of his constitutional rights as mandated in Miranda v. Arizona, 384 U.S. 436. The defendant was transported by the trooper to the Litchfield barracks where, after again being advised of his constitutional rights, he was interrogated by the officer at approximately 1:00 a.m. At the barracks the defendant stated that he had had "scotch and soda" to drink both at home and at a bar. During the course of the trial the defendant duly objected to the admission of the statements made at the scene of the arrest and at the barracks. He claimed that his constitutional rights were violated by the trooper's failure to give him the Miranda warnings prior to the time when he stated that he had "had too much to drink." He also claimed that the state had failed to prove that he had fully understood and comprehended his rights after he had been advised of them and that he had knowingly and intelligently waived those rights.
There is no merit to the defendant's contention that his constitutional rights were violated with respect to his spontaneous utterance at the scene of the arrest. It is clear from the transcript that the trooper did not question the defendant prior to his spontaneous statement that he had had too much to drink. Miranda v. Arizona, supra, is concerned with custodial interrogation of an accused. In the present case, not only was the defendant not in custody, but, more importantly, he was not questioned. *Page 699 
As to the interrogation at the barracks, it is conceded that the defendant was again advised of his constitutional rights before he was interrogated. The sole issue raised concerning this claim is whether the defendant fully understood and comprehended his rights before he waived them. Since we have no finding, we have consulted the memorandum of decision of the trial court on the defendant's motion to set aside the verdict. The court stated that the defendant made no claim that he "didn't understand English or that he was under any mental or physical disability, nor did he make any offer of proof in the absence of the jury of lack of understanding." As a matter of fact, the defendant conducted a lengthy cross-examination of the trooper covering in detail the report of the "California tests" conducted at the barracks. No evidence whatsoever was introduced to contradict the testimony of the trooper. State v. Schaffer, 168 Conn. 314. The correctness of the court's ruling admitting the statement of the defendant that was made at the barracks is amply supported by the evidence.
The final issue raised by the defendant relates to a remark made by the prosecuting attorney in his summation to the jury. The defendant claims that the remark, "Then the thing that I think means the most is that — no evidence to — the contrary that when Mr. Ahearn got out of the vehicle, without being asked he volunteered the information that he had too much to drink," was prejudicial. The defendant had exercised his constitutional right not to testify.
"The right of an accused not to take the witness stand in his own criminal trial is his federal privilege against compulsory self-incrimination. Malloy v. Hogan,378 U.S. 1. That right of silence is also *Page 700 
statutorily set forth in 54-84 of the General Statutes. Comment by the prosecuting attorney or the court on the defendant's failure to testify is prohibited by the fifth amendment of the federal constitution. Griffin v. California, 380 U.S. 609. A direct or indirect remark by a prosecuting attorney which draws the jury's attention to the fact that the accused has failed to testify may violate the accused's right." State v. Anonymous (1976-4), 33 Conn. Sup. 505, 507-508.
"In its closing argument the state may properly call to the attention of the jury any portion of the evidence that stands uncontradicted. Such a comment becomes objectionable only when it focuses the attention of the jury on the failure of the defendant to testify. . . ." State v. Evans,165 Conn. 61, 71. An approved test for evaluating a prosecutor's comment in argument is whether the language used was manifestly intended to be and was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. United States ex rel. Leak v. Follette, 418 F.2d 1266,1269 (2d Cir.), cert. denied, sub nom. Leak v. Follette, 397 U.S. 1050.
The record in the case before us indicates that the comment of the prosecutor did not focus the attention of the jury on the failure of the defendant to testify. That remark could easily be construed as a reference to the testimony of a witness, offered by the defendant, who was a passenger in the defendant's car at the time of the incident. Accordingly, we conclude that the defendant was not denied a fundamentally fair trial by the comment of the prosecutor.
 There is no error.
PARSKEY, D. SHEA, and SPONZO, Js., participated in this decision.