STATE OF CONNECTICUT *v.* PAUL J. WILLIAMS
(3764)

BORDEN, DALY and BIELUCH, Js.

Argued June 11—decision released August 19, 1986

*Paul J. Williams,* pro se, the appellant (defendant), with whom was *Richard E. Gruskin.*

*Elizabeth B. Leete,* special assistant state's attorney, with whom, on the brief, was *Steven M. Sellers,* deputy assistant state's attorney, for the appellee (state).

BORDEN, J. This case involves the installation of a radar detector in a car. The defendant appeals from the judgment of conviction of a violation of the department of motor vehicles (DMV) regulation § 14-137-1. That regulation, which was promulgated pursuant to General Statutes § 14-137, prohibits the installation or use of any device designed to give advance information to a motorist of the use of a radar speed-indicating

instrument in the area of the highway which the motorist is approaching. The sole claim properly before this court[1] is whether the trial court erred in concluding that the radar detector had been installed by the defendant. We find no error.

The trial court could reasonably have found the following facts: The defendant was operating his car on route 2 in the Glastonbury-Manchester area when he was stopped by a police officer. The officer checked the car's registration and determined that the defendant was its owner. The officer observed a radar detector mounted on the dashboard and the defendant admitted to the officer that the device was a radar detector. The officer did not know whether there was a cord hanging from the device or how the device was mounted on the dashboard.

The defendant, who was represented by counsel, did not testify or offer any evidence at trial. At the close of the state's case, the defendant moved to dismiss the information on the ground that there was no evidence that the device was installed or that the defendant was the person who installed it. The trial court found as a matter of law that the radar detector was installed within the meaning of DMV regulation § 14-137-1. In

---

[1] The defendant also claims that the regulation is unconstitutionally vague and that General Statutes § 14-137 impermissibly delegates legislative authority to the DMV in violation of the constitutional separation of powers provision. These claims, however, were not properly raised at trial and we therefore decline to review them.

At trial, defense counsel summarily stated that these additional issues were relevant to the case. He did not, however, elaborate further upon this broad, conclusory statement. Further, although the trial court indicated that it would continue the matter in order to allow time for the state to submit a brief on the principal issue before the court, namely, whether the state's proof was sufficient under the regulation, the defense counsel specifically declined to file a brief. Thus, under these circumstances, we decline to review the merits of claims "constitutional or otherwise that [have] not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973).

support of this conclusion, the court noted that "[t]he device was clearly in a position from which it could be put to its intended use and whether it was mounted on the dashboard with screws or velcro strips or some other implement is immaterial. It was positioned in the automobile so that its purpose could be fulfilled." The court found that the defendant was aware of the presence of the radar detector located on the dashboard in front of him. The court further found that since he was the owner of the automobile, the device had been installed by him or with his acquiescence. On appeal, the defendant claims that the evidence was insufficient to support the finding that the radar detector was installed or that the defendant installed it. We disagree.

DMV regulation § 14-137-1 provides: "No device designed to give advance information to a motorist of the use of a radar speed-indicating instrument in the area of the highway which such motorist is approaching may be installed or used in any motor vehicle operating on the highways of Connecticut." Pursuant to General Statutes § 14-137 (a), the violation of this regulation constitutes an infraction. The prohibited act is installation or use of a radar detector in a motor vehicle. *State* v. *Anonymous (1979-3)*, 35 Conn. Sup. 659, 661, 406 A.2d 6 (1979) (mere possession not prohibited). In the present case, the issue is whether the device was installed.

Prior to the defendant's conduct in this case, the meaning of the term "installed" was clarified on July 18, 1984, in a declaratory ruling of the commissioner of motor vehicles. That ruling provides: "As used in Section 14-137-1 of the regulations of the department the word 'installed' refers to a device which is so affixed or situated that the device is capable of being activated by the operator of the vehicle while driving." An agency is fully empowered to interpret its own regulations.

Griffin Hospital v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496–97, 512 A.2d 199 (1986).

The trial court's findings clearly encompass each aspect of the offense of installation of a radar detector. The court specifically found that the device was located on the dashboard in front of the defendant. He was aware of its presence and it was positioned in such a way that its purpose could be fulfilled. The device was clearly "capable of being activated by the [defendant] while driving." These findings satisfy the definition of the term "installed."

Although there is dictum of the Appellate Session of the Superior Court in *State* v. *Anonymous (1979-3),* supra, which tends to suggest that the regulation requires proof that the defendant personally installed the device, we find no such requirement in the terms of the regulation as clarified by the declaratory ruling of the commissioner. In addition, since that declaratory ruling was rendered subsequent to the Appellate Session's decision in *State* v. *Anonymous (1979-3),* supra, any questions raised by the dictum in that case have obviously been resolved.

There is no error.

In this opinion the other judges concurred.