STATE OF CONNECTICUT *v.* ROBERT LIZOTTE
(3688)
(3689)

HULL, BORDEN and BIELUCH, Js.

Argued October 16—decision released November 18, 1986

*Kevin C. Connors,* for the appellant (defendant).

*Susann E. Gill,* deputy assistant state's attorney, with whom, on the brief, were *Herbert Carlson, Jr.,* assistant state's attorney, and *Robert E. Kiley,* legal intern, for the appellee (state).

PER CURIAM. The defendant appeals from two judgments of conviction of possession of narcotics in violation of General Statutes § 21a-279 (a), formerly General Statutes (Rev. to 1981) § 19-481 (a), rendered after the trial court denied his motions to suppress and after his conditional pleas of nolo contendere. The defendant was charged in two separate informations, and his appeals were combined in this court. The dispositive issue is whether the police had probable cause to make a warrantless arrest, and subsequent search, of the defendant. We find no error.

There were two searches involved: the first, a search incident to a warrantless arrest of the defendant on December 7, 1982; the second, a search of the defendant's home pursuant to a warrant which was issued following the first search. The defendant conceded at oral argument in this court that if the first, warrantless search was valid, his entire appeal must fall. We conclude that the warrantless search was valid, and therefore need not discuss the subsequent search of the defendant's home.

After an evidentiary hearing, the trial court in a detailed and well reasoned written memorandum of decision, found the following facts: In early December, 1982, Detective Ronald Faggaini[1] of the Hartford police department received a tip from an unidentified informant who had previously provided information leading to arrests and convictions. The tip was that the defendant regularly engaged in the sale of cocaine from his home at 115 Beacon Street, Hartford, from his automobile, which the informant described, and from bars. Faggaini, who had thirteen years experience as a police officer, including two years in the vice and narcotics division, independently confirmed that the defendant was the owner of the house and of the vehicle whose registration number the informant had supplied. On the basis of this information, Faggaini and the informant staged a controlled buy of cocaine from the defendant at his home between December 4 and December 7, 1982. In this transaction, the informant purchased cocaine from the defendant.

At 11:30 p.m. on December 7, 1982, the informant contacted Faggaini and told him that the defendant was then in possession of cocaine and could be found with

---

[1] We note that the memorandum of decision refers to Detective "Faggini" and both the defendant's and state's briefs refer to Detective "Faggiani." We, however, adopt the spelling "Faggaini" as set forth in the search and seizure warrant, and as signed by Faggaini.

two white females in his automobile near the corner of Park Street and Sisson Avenue. Faggaini and Sergeant John Bowen of the Hartford police department drove to that neighborhood and located the defendant's unoccupied car parked on Heath Street, just off Park Street. After additional police units were called to the scene, the defendant and two white females exited an apartment on Heath Street and entered the car. As the defendant drove toward Park Street, the police closed in, seized the defendant from the car, patted him down and found in an outer pocket of his coat a glass vial containing white powder which the police believed to be cocaine. They formally placed him under arrest. At the police station, a more thorough search of the defendant's coat yielded nine packets of cocaine in the inner lining.

The trial court ruled that the defendant was effectively arrested when the police stopped his vehicle and forcibly removed him from it. It also ruled that this arrest was supported by probable cause.

The defendant conceded in his brief in this court that when the police stopped the defendant, they had probable cause to believe that a crime had been committed. He claims, however, that the police lacked probable cause to believe that the defendant was the same person who had made the controlled sale to the informant within the previous few days. He bases this argument on the lack of evidence that the police had any prior observation of the defendant, any prior contact with him or any description of him. The defendant's claim is without merit.[2]

---

[2] At oral argument in this court the defendant raised, for the first time, the claim that the informant's tip failed the "basis of knowledge" prong of the *Aguilar-Spinelli* test, which is now mandated by our state constitution. *State* v. *Kimbro*, 197 Conn. 219, 236–37, 496 A.2d 498 (1985). We decline to review this claim because there is no indication in this record that the defendant made it in the trial court. We ordinarily decide the appeal

The police had a tip from a reliable informant that the defendant was selling cocaine from his home, from his car and in bars. The police independently verified that the defendant owned the house which the informant identified as his, and that he owned the car which the informant identified as his by license plate number. A controlled buy of cocaine in the defendant's house by the same informant was successful. Within two to three days, the same informant contacted the police and related that the same defendant was in possession of cocaine in a specified area with two white females. The police went to that area and found the defendant's car. A male exited an apartment building with two white females, entered the defendant's automobile and drove off. Under these circumstances, it borders on the facetious to claim that the police did not have probable cause to believe that the man who drove off in the defendant's automobile was the same man who made the controlled sale to the informant.

There is no error on either appeal.

on the theory on which it was tried and decided in the trial court and briefed in this court. *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.*, 9 Conn. App. 30, 35 n.4, 514 A.2d 766 (1986); cf. *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973). The defendant offered no *Evans* analysis of this claim in this court. Indeed, had the defendant made this claim in the trial court, it is quite likely that the court would have phrased its memorandum of decision differently, because the undisputed evidence was that the informant contacted Faggaini at 11:30 p.m. on December 7, 1982, and told Faggaini that he had seen the defendant within the previous ten to fifteen minutes and that the defendant possessed numerous packets of cocaine. Such a finding of personal observation would have been sufficient to satisfy the "basis of knowledge" prong of *Aguilar-Spinelli*. See *State* v. *Salz*, 8 Conn. App. 125, 131, 572 A.2d 921 (1986). Furthermore, the defendant did not raise this claim in his brief in this court. Had he done so, the state would have been alerted to it, and would have had the opportunity to respond in writing and to request that the trial court further articulate its decision in this regard. See *State* v. *Martin*, 2 Conn. App. 605, 612A–12B, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985).