STATE OF CONNECTICUT *v.* LORENZO RICHARD WIDGET
(4095)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued January 5—decision released May 19, 1987

*John R. Williams,* for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *David Cohen,* assistant state's attorneys, for the appellee (state).

BIELUCH, J. The defendant appeals from a judgment of conviction after a jury trial on a charge of possession of cocaine with intent to sell or dispense, a violation of General Statutes § 21a-277 (a).[1] His only claim on appeal is that the trial court's instructions on circumstantial evidence constituted plain error and denied him due process of law. We find no error.

The jury could reasonably have found the following facts. On October 10, 1984, at approximately 7:30 p.m., five officers of the Stamford police department surrounded a single-family two-story residence at 223 Henry Street,[2] Stamford, preliminary to executing a

---

[1] The defendant was originally charged in four counts as follows: (1) possession of narcotics, in violation of General Statutes § 21a-279 (a); (2) possession of narcotics with intent to sell, in violation of General Statutes § 21a-278 (a); (3) possession of drug paraphernalia, in violation of General Statutes § 21a-267 (a); and (4) interfering with a search warrant, in violation of General Statutes § 54-33d. He was tried and convicted on a substitute information charging the single offense of possession of cocaine with intent to sell or dispense, in violation of General Statutes § 21a-277 (a).

The judgment file incorrectly shows that the defendant was charged with and convicted of possession of narcotics, in violation of General Statutes § 21a-279 (a).

[2] The record demonstrates that the search warrant was issued for 225 Henry Street. The premises actually searched were located at and known as 223 Henry Street. Prior to trial, the defendant sought the suppression and return of the property seized for the reason, inter alia, that the police officers "entered, searched, and seized property from premises for which

search warrant. One officer was stationed at the front of the house, two officers were positioned at the rear and two officers undertook to execute the search warrant by entering through the front door. A woman answered the door, but refused to allow the police officers to enter the house. During the attempted entrance under the warrant, Officer Michael Docimo, stationed in the front of the house, saw a shirtless black male come to the second floor front window of the dwelling and quickly leave. Docimo informed the two officers who were seeking entrance to execute the search warrant, John Fontineau and John Geter, of what he had just seen, whereupon the two officers made a forced entry into the home and ran upstairs to the second floor. There, they observed the defendant, who was black and not wearing a shirt, leaning out of the front window and appearing to throw something out of that window. At the same time, Docimo saw a shirtless black male come again to the front window and throw out a plastic bag containing thirteen grams of a white powder, which Docimo caught. The defendant was immediately arrested by the two officers in the front room. A search of the room resulted in the discovery and seizure of the following contraband: various items of paraphernalia covered with traces of white powder, a package containing rice and white powder, sixteen packets containing a white powder and $4946 in cash. The contents of the plastic bag thrown out of the window and the white powder seized in the room were later identified as cocaine. The only other persons in the house at the time of the defendant's arrest were the

they had no valid search warrant and no probable cause to search." This motion was denied without a written memorandum of decision. In this appeal the defendant does not claim the denial of that motion as error.

A detailed physical description which speaks to the precise location or appearance or character of the premises will prevail over a street address. 2 W. LaFave, Search and Seizure (2d Ed.) § 4.5 (a), pp. 212–13.

elderly woman, who had refused the officers entrance to execute the search warrant, two other adults and a very young boy.

The defendant was charged by substitute information with one count of possession of cocaine with intent to sell or dispense, a violation of General Statutes § 21a-277 (a). The defendant pleaded not guilty to the charge and elected to be tried by a jury. At the trial, the defendant denied possession of the cocaine. Docimo testified at trial as to the actions of the man he saw at the front window, but he was unable to identify the defendant as that person. Officers Fontineau and Geter testified that, upon entering the house, they immediately ran upstairs to the room indicated by Docimo and saw the defendant leaning out of the front window and making a throwing motion. He was not wearing a shirt and appeared to be throwing something out the window. At the time of the officers' observations and the arrest, the defendant was the only person in the room. There were, however, three other adults in the house at that time.

During its charge to the jury, the court gave the following instruction relative to circumstantial evidence: "When you are satisfied as to the existence of the facts from which you are asked to conclude the existence of another fact, it is your duty and your function to draw that reasonable and logical inference or conclusion. Does it enter this case? In many respects. An example, and I am not bringing it up to give you any weight or encouragement to accept it. Reject it if you do not believe it happened, do not spend any time on it. But if an officer says that he saw a man bare-chested in a window, and two others simultaneously are going up the stairs and they locate a man bare-chested in the room, you have facts. If you believe them. That is your function. I make no comment. That is your function. If you believe that, then it is a reasonable and logical

conclusion for you to consider that the person in the room was the person in the window. That is circumstantial evidence. That is drawing a conclusion or an inference from facts in evidence. But remember the basic, fundamental test is, do you believe the existence of the fundamental facts? Are they credible and reliable, for you to believe that the other facts existed? And from those, is it reasonable and logical to draw the conclusion? In passing upon the guilt of an accused person on the basis of circumstantial evidence, you must be satisfied beyond a reasonable doubt first that the certain facts or circumstances existed and the existence of those facts do beyond a reasonable doubt reasonably and logically lead you to other facts establishing that the crime was committed by the accused. Unless the existence of those facts, either alone or in conjunction with other direct evidence, compels you as reasonable men and women to only one conclusion, namely, that the accused is guilty, then of course you will be not justified in finding him guilty." The defendant took no exception to this charge at trial. The jury returned a verdict of guilty and the defendant was sentenced accordingly.

The defendant claims for the first time in this appeal that the court's instruction was erroneous. He asserts that the only fact in issue was whether the man Docimo saw in the window throwing out the cocaine was the defendant.[3] His objection to the court's charge is premised upon the instruction that if the jury believed that the officer outside saw a bare-chested man in the window, and the other two officers then entered the

---

[3] We note that the defendant's argument, in part, is apparently based upon the erroneous premise that the defendant must be found in actual physical possession in order to be convicted under General Statutes § 21a-277 (a). To fall within that statute, possession may be either actual or constructive, and one can only throw away what he physically possessed. See *State* v. *Vilalastra,* 9 Conn. App. 667, 673–75, 521 A.2d 170, cert. granted, 203 Conn. 806, 525 A.2d 520 (1987).

house and found a man alone and bare-chested in the room, "then it is a reasonable and logical conclusion for you to consider that the person in the room was the person in the window." He characterizes this statement as a mandatory presumption instruction prohibited by the fourteenth amendment to the constitution of the United States. He claims review of the instruction under the exceptional circumstances of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). We agree that this claim is reviewable. See *State* v. *Smith,* 201 Conn. 659, 672, 519 A.2d 26 (1986); *State* v. *Acklin,* 9 Conn. App. 656, 664, 521 A.2d 165 (1987).

Our standard for review for challenges to jury instructions is well established. "The ultimate test of the charge is whether, read in its entirety, it fairly presents the case to the jury so that no injustice is done." *State* v. *Storlazzi,* 191 Conn. 453, 466, 464 A.2d 829 (1983); *State* v. *Parent,* 8 Conn. App. 469, 476, 513 A.2d 725 (1986). In reviewing the charge, we also note that "[t]he court may, in its discretion, make reasonable comments on the evidence. See, e.g., *Marko* v. *Stop & Shop, Inc.,* 169 Conn. 550, 562, 364 A.2d 217 [1975]; *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7 [1972]. Its comments, however, should be fair, must not amount to a direction of a verdict and should present the case in proper focus. *State* v. *Wade,* 96 Conn. 238, 245–46, 113 A. 458 [1921]." *State* v. *Schoenbneelt,* 171 Conn. 119, 124, 368 A.2d 117 (1976).

We conclude that the court's charge was a correct and fair statement of the law of circumstantial evidence and did not amount to the direction of a verdict of guilty. Nowhere in the charge did the court tell the jury that they must find the defendant was the man seen throwing the plastic bag of white powder out of the second story window. The court, in describing the operation of circumstantial evidence under the facts of this case, cautioned the jury several times that they were

free to disregard the underlying facts as well as the inferences which may be drawn from such underlying facts if they were not convinced beyond a reasonable doubt of them. It carefully instructed the jury that they must find beyond a reasonable doubt that certain underlying facts or circumstances existed and that the existence of those facts did, beyond a reasonable doubt, reasonably and logically lead the jury to other facts establishing that the crime was committed by the accused.

We also note that the court cautioned the jury several times that its example of circumstantial evidence describing the facts in evidence was not to be afforded any weight or seen as encouraging their verdict, but was merely given for the purpose of illustrating how circumstantial evidence was to be applied by them in the case. In no way could the court's charge be construed as a mandatory presumption that the defendant was the man seen throwing the bag of white powder from the window. The issues of identity of the offender and possession of cocaine were properly reserved for, and determined by, the jury.

There is no error.

In this opinion the other judges concurred.

