## State of Connecticut *v.* Angel Castillo
## (4722)

Hull, Spallone and Bieluch, Js.

Argued March 12—decision released July 28, 1987

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, were *Linda L. Yoder,* special attorney, and *Frank M. D'Addabbo, Jr.* and *James G. Clark,* assistant state's attorneys, for the appellee (state).

BIELUCH, J. The defendant appeals from a judgment of conviction pursuant to the jury's verdict of guilty on the following charges: two counts of accessory to assault in the first degree, a violation of General Statutes §§ 53a-8 and 53a-59 (a) (1);[1] and one count of having a weapon in a motor vehicle, a violation of General Statutes § 29-38.[2] He claims that the evidence presented at trial was insufficient to support the jury's verdicts of guilty and that the court erred in its instructions to the jury, thereby shifting to the defendant the bur-

---

[1] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

"[General Statutes] Sec. 53a-59. ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] "[General Statutes] Sec. 29-38. WEAPONS IN VEHICLES. Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 or section 53-206, or has not registered such weapon as required by section 53-202, as the case may be, shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. The word 'weapon', as used in this section, means any pistol or revolver, any dirk knife or switch knife or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, and any other dangerous or deadly weapon or instrument, including any slung shot, black jack, sand bag, metal or brass knuckles, stiletto, any knife, the edged portion of the blade of which is four inches or over in length or any martial arts weapon as defined in section 53a-3. . . . "

den of proving beyond a reasonable doubt his version of the incident for which he was charged. We find error in part.

The jury could reasonably have found the following facts: On February 28, 1985, at approximately 1:20 p.m., Enrique Oquendo, as driver, and Iris Zavala, as passenger, were in Oquendo's car which was stopped on Seyms Street in Hartford. Oquendo was talking to a person on the sidewalk when they noticed the defendant's car come to an abrupt stop alongside of them. Jose Castillo, the defendant's brother, emerged from the passenger side of the defendant's car carrying a gun and approached the passenger side of Oquendo's car. When he was approximately four feet from Zavala, he fired eight rounds into the car, seriously injuring both Oquendo and Zavala. Jose then returned to the defendant's car and they sped away.

Upon learning that he was being sought by the authorities in connection with the shooting, the defendant turned himself in to the police. Upon his arrest, the defendant was charged with two counts of being an accessory to assault in the first degree (counts one and two), in violation of General Statutes §§ 53a-8 and 53a-59, and two counts of conspiracy to commit assault in the first degree (counts three and four), in violation of General Statutes §§ 53a-48 and 53a-59. After his transfer to Part A of the Judicial District for trial, a fifth count was added charging him with having a weapon in a motor vehicle, in violation of General Statutes § 29-38. He pleaded not guilty to all five counts and was tried by a jury. At the close of the state's case, the defendant moved for a judgment of acquittal, which was denied. The defendant then proceeded with the presentation of evidence in his defense. Thereafter, the jury found him not guilty on counts three and four, conspiracy to commit assault in the first degree, but guilty

on counts one and two, accessory to assault in the first degree, and on count five, having a weapon in a motor vehicle.

After the jury delivered its verdict, the defendant again moved for a judgment of acquittal on counts one, two and five. This motion was denied and the defendant was sentenced accordingly. The defendant then took this appeal.

The defendant's first claim on appeal challenges the sufficiency of the evidence presented at trial to support the jury's verdicts. Our standard for review of such a claim is well established. In reviewing the sufficiency of the evidence, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State* v. *Malines,* 11 Conn. App. 425, 431, 527 A.2d 1229 (1987); *State* v. *Stellato,* 10 Conn. App. 447, 452, 523 A.2d 1345 (1987). In making such an evaluation, we view the evidence in a light most favorable to sustaining the jury's verdict. *State* v. *Simino,* 200 Conn. 113, 116, 509 A.2d 1039 (1986).

As to count five of the information charging the defendant with a violation of General Statutes § 29-38, having a weapon in a vehicle, the defendant claims that there was no evidence that he had knowledge of the presence of the gun in his car, or that the gun met the statutory definition of a pistol. See General Statutes §§ 29-27 and 29-38. The state has expressly conceded at oral argument before this court that the evidence introduced relevant to this charge was insufficient to support the jury's verdict and, consequently, that the court erred in denying the defendant's motion for judgment of acquittal on that count. Accordingly, we will not review the evidence as to this count further. We direct the trial court to set aside the judgment of conviction as to the fifth count and render a judgment of not guilty on that charge.

The defendant's remaining challenge to the sufficiency of the evidence to sustain a conviction relates to the two counts of being an accessory to assault in the first degree. See General Statutes §§ 53a-8 and 53a-59.

General Statutes § 53a-59 (a), assault in the first degree, provides that "[a] person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ." See footnote 1, supra.

Section 53a-8 of the General Statutes provides that "[a] person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender." See footnote 1, supra. The essence of the defendant's claim is that there was no evidence from which the jury could conclude that he intended to aid his brother in the commission of the first degree assault. The defendant concedes for the purpose of this appeal that the actions of the brother, Jose Castillo, constituted an assault in the first degree.

We find that the evidence presented at trial was sufficient to support the jury's verdicts. While fraternal relationship is not proof of aiding and abetting, it is relevant that the defendant is the brother of Jose Castillo. There was testimony that the defendant, approximately one week before the shooting, approached Oquendo on behalf of his brother and asked him to drop criminal charges initiated by Oquendo against the brother. As to the events surrounding the shooting, there was testimony that the defendant drove

his. brother to the scene of the shooting and pulled alongside Oquendo's car in an abrupt and threatening manner. There was also testimony that after the shooting, Jose Castillo returned to the defendant's car and the defendant quickly drove away without ascertaining if anyone was injured and without notifying the police.

Intent is rarely proven by direct evidence, but is classically proven by circumstantial evidence and the inferences that can reasonably be drawn therefrom. See *State* v. *Farrar,* 7 Conn. App. 149, 155, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986). From the aforementioned facts, the jury could reasonably have found beyond a reasonable doubt that the defendant was not an innocent bystander, but rather he intentionally aided his brother in committing the assaults in the first degree. See, e.g., *State* v. *Tucker,* 9 Conn. App. 161, 163–65, 517 A.2d 640 (1986). The trial court, therefore, did not err in denying the defendant's motion for judgment of acquittal as to the first and second counts.

The defendant's final argument is that the trial court erred by instructing the jury that the defendant had the burden of proving beyond a reasonable doubt his version of the events surrounding the shooting. In reviewing the facts surrounding the shooting, the trial court gave the following instruction: "I think all the testimony in this case boils down to a very simple situation. There is no question that this incident occurred on Seyms and Main Street. There is no question—I do not think there is any question that it occurred on February 28, 1985, at about the time stated. There is no question that the defendant was driving his blue and white Pontiac and that he was in the vicinity of the victim's automobile.

"The only difference in the testimony is his knowledge of what was going on there. I mean that is no

difference in testimony because there was no other testimony of what his purpose was, other than that he was driving the car and that he was seen by the victim, Iris, and then the witness—the defendant's own testimony of why he was there or how come he happened to be there, if that is as he testified.

"You can take all of those things into consideration. You can take the actions which led up to this particular situation and draw whatever logical, reasonable inferences you feel that the evidence leads you to. So, remember, they must all be beyond a reasonable doubt."

The defendant concedes that he took no exception to the court's instruction, but seeks review of this claim under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), claiming that the court's instructions represent an impermissible shifting of the burden of proof onto the defendant. See *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). We decline to review this claim under *State* v. *Evans,* supra, because we find that the instruction cannot reasonably be read to support the defendant's claim that the court impermissibly diluted the state's burden to prove each element of the offense beyond a reasonable doubt, or shifted such burden onto the defendant. In ascertaining whether the court's charge amounted to a constitutional deprivation, we further note the defendant's concession in his brief that in a number of places during the charge, the jury was correctly instructed that the state had the burden to prove the essential elements of the crime beyond a reasonable doubt.[3]

We also note, as indicated in the state's brief, that the trial court correctly admonished the jury as follows:

---

[3] The state alleges in its brief that at least twenty-nine times during the charge the court properly instructed the jury that the state had the burden of proving the defendant guilty beyond a reasonable doubt.

"The accused does not have to prove that he did not commit the offenses with which he is charged, but the state must prove that he did, and to prove that, they must prove every essential element necessary to constitute the offense with which he is charged. The burden then is on the state to prove beyond a reasonable doubt that the accused is guilty of the crime with which he is charged."

We find, therefore, that the record does not support the defendant's claim that he has been deprived of a fundamental constitutional right. See *State* v. *Sullivan,* 11 Conn. App. 80, 90–91, 525 A.2d 1353 (1987).

There is error only as to the conviction of having a weapon in a motor vehicle, the judgment of conviction is set aside as to that count and the trial court is directed to render judgment of not guilty thereon and to amend the defendant's sentence accordingly; there is no error in the judgment of conviction on counts one and two, being an accessory to assault in the first degree.

In this opinion the other judges concurred.