STATE OF CONNECTICUT *v.* ARTHUR DAVIS, JR.
(5252)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 6, 1987—decision released March 22, 1988

*Joette Katz,* public defender, with whom, on the brief, was *Joseph G. Bruckmann,* assistant public defender for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, for the appellee (state).

STOUGHTON, J. The defendant was convicted after a trial to the court. He appeals from the judgment rendered.

The defendant raises two issues on appeal: (1) that his conviction of risk of injury to a minor caused him

to be twice punished for the same crime because, as charged, it is a lesser included offense of both assault in the third degree and unlawful restraint in the first degree; and (2) that his waiver of his right to a jury trial was invalid under the federal and state constitutions, the Connecticut rules of practice and our statutes. We find no error.

The defendant was tried on a four count information charging him: (1) with risk of injury to a minor in violation of General Statutes § 53-21;[1] (2) with assault in the third degree in violation of General Statutes § 53a-61 (a) (1);[2] (3) with unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a);[3] and (4) with interfering with an officer in violation of General Statutes § 53a-167a (a). The trial court, after hearing sharply conflicting testimony, found the defendant guilty on the first three counts and not guilty on the fourth count.

I

The trial court heard testimony that the victim was a ten year old female child at the time of the trial in April of 1986. On the morning of August 30, 1985, the victim was at home alone in her mother's apartment. The defendant, an acquaintance of the victim's mother,

---

[1] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who willfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] General Statutes § 53a-61 (a) provides in pertinent part: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

[3] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury."

knocked at the door. The victim opened the door and told the defendant that her mother was at work. The defendant called the victim a liar, walked into the apartment and attempted to open the door to the mother's bedroom. Finding the door locked, he slapped the victim, punched her in the stomach and choked her. The victim screamed, bit the defendant, broke free and ran out of the apartment and knocked at the door of a neighbor's apartment. The defendant dragged the victim back to her mother's apartment where he struck her and choked her. He swore at the victim and told her to remain quiet. A neighbor came to the apartment door, and the victim persuaded the defendant to allow her to answer the knock. When the victim opened the door, the neighbor tried to pull her out of the apartment. The defendant resisted and tried to pull the victim back into the apartment. A dog belonging to the victim, which had been outside, got through the doorway and bit the defendant, and the victim was thereafter released. The police had been called, and on their arrival the defendant was arrested and the victim was taken to a hospital. The victim sustained scratches, bruises on her face and contusions on her neck.

The trial court found from the evidence that the defendant unlawfully caused a child under sixteen years of age to be placed in a situation that was likely to injure her health, that he committed an act likely to injure her health and that he was guilty of risk of injury. The trial court also found from the testimony of the neighbor and from the hospital records introduced into evidence that there was an intent to cause physical injury and that physical injury was caused. It, therefore, found the defendant guilty of assault in the third degree. The trial court further found from the testimony of the victim that she was restrained, and from the neighbor's testimony that she was trying to get the victim out of the apartment and that the defendant held the victim

back. The court then found the defendant guilty of unlawful restraint in the first degree. The court found that the state had not met its burden of proof on the charge of interfering with an officer and found the defendant not guilty as to that charge. The defendant moved orally to set aside the verdict on assault in the third degree on the ground that conviction for that charge and for risk of injury to a minor based upon the same conduct would constitute double jeopardy.

Subsequently, the defendant moved the trial court to articulate its findings pertaining to the risk of injury charge. The defendant posed four questions by which he sought to determine whether he had committed an act likely to injure the health of the victim, whether he had caused or permitted a child under sixteen years of age to be placed in a situation likely to injure her health, and what he had done in each instance. The court responded affirmatively and referred to pages in the transcript containing the victim's testimony about the various assaults on her person and the restraint of her person, and to testimony by the neighbor and a policeman describing the restraint of the victim and the marks visible on the person of the victim.

The defendant acknowledges that he did not raise the issue of double jeopardy before or at trial by way of a motion to dismiss or consolidate. Nevertheless, he asserts that this claim is reviewable under *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973). A claim that a conviction violates a defendant's right not to be punished twice for the same offense as guaranteed by the double jeopardy clause involves a fundamental right which is wholly reviewable on the record. *State* v. *McCall*, 187 Conn. 73, 89–90, 444 A.2d 896 (1982).

In any double jeopardy analysis, the first issue to be resolved is whether the acts involved arise out of the "same act or transaction." If this issue is answered

in the affirmative, we then address the question of whether the crimes constitute the "same offense." *State* v. *Goldson,* 178 Conn. 422, 424, 423 A.2d 114 (1979). Looking only at the information, and not to the evidence adduced at trial, we accept the defendant's contention that all of the charges arose out of the same act or transaction, as the charges of risk of injury to a minor, assault in the third degree, and unlawful restraint in the first degree all allege the same time, date and place for all of the charges. The relevant question which remains, then, is whether risk of injury to a minor is a lesser included offense of assault in the third degree and of unlawful restraint in the first degree. A crime is a lesser included offense if "it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser." *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).

With respect to the claim that risk of injury to a minor, as charged, is a lesser included offense of assault in the third degree, *State* v. *Trujillo,* 12 Conn. App. 320, 334–36, 531 A.2d 142 (1987), is dispositive. In *Trujillo,* the defendant was charged with assault in the second degree, in violation of General Statutes § 53a-60, and risk of injury to a minor in violation of General Statutes § 53-21. Although the defendant in this case was charged with assault in the third degree, the distinction is not important for this purpose because both assault in the second degree as charged in *Trujillo* and assault in the third degree as charged here require proof of intent to cause injury to another and proof of injury to another. The analysis in *Trujillo* is therefore apposite. Even if the assault charge and the risk of injury charge arose out of the same act, a fact which is not conceded by the state, the elements of the two charges are distinct and dissimilar and are not the same offense for double jeopardy purposes. *State* v. *Trujillo,*

supra, 336; *State* v. *Martin,* 189 Conn. 1, 7 n.2, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983).

We apply a similar analysis with respect to the claim that risk of injury to a minor, as charged, is a lesser included offense of unlawful restraint in the first degree. To convict the defendant of risk of injury to a minor, as charged, the state was required to prove that the defendant did acts likely to impair the health of a child under the age of sixteen. To convict the defendant of unlawful restraint in the first degree as charged, the state was required to prove that the defendant restrained the victim under circumstances which exposed her to a substantial risk of physical injury and that the defendant entertained the specific intent to restrain the victim. General Statutes § 53a-91 (1). It is apparent that each of these offenses, as charged, required proof of elements which the other did not require.

We find no error as to the double jeopardy claim.

II

The defendant did not raise his claim in the trial court that his waiver of his right to a trial by jury was invalid on the grounds that it was not knowingly and voluntarily made. He asserts that this claim is reviewable under *State* v. *Evans,* supra. He also argues on appeal that his waiver was invalid because the trial court did not follow the procedure set forth in General Statutes § 54-82 (b) and Practice Book § 839.

We agree that a claim of an ineffective waiver of the right to a trial by jury implicates a fundamental constitutional right. *State* v. *Marino,* 190 Conn. 639, 642, 462 A.2d 1021 (1983). Accordingly, we review the record to determine whether the defendant has been deprived of this right. We do not consider the defendant's claim as it implicates our rules of practice and statutes. Devi-

ations from the procedure set forth therein do not alone constitute a claim of error eligible for appellate review sufficient to overcome our general prohibition against raising on appeal issues never presented to the trial court. *State* v. *Crump,* 201 Conn. 489, 499, 518 A.2d 378 (1986).

The record indicates that on October 9, 1985, the defendant was arraigned on the four charges on which he was ultimately tried. He was represented by counsel, and through counsel not guilty pleas were entered and a jury trial was elected. Pursuant to an agreement with the state's attorney, the defendant again appeared in court on January 9, 1986, and entered pleas of nolo contendere to a substituted information which charged him with assault in the third degree, unlawful restraint in the second degree, and interfering with a police officer. The defendant was again represented by counsel, a partner of the attorney who had been present at his arraignment.

At this proceeding, the court canvassed the defendant in a manner consistent with such a plea, asking whether he understood that he was giving up his right not to incriminate himself and whether he knew he was giving up his right to a trial by the court or by a jury. The defendant responded in the affirmative. Moreover, the record indicates that notwithstanding reservations of his defense attorney, the defendant insisted on entering the plea so that the matter would be resolved.[4] It

[4] The discussion between the court, the defendant and defendant's counsel.

"Mr. Mirsky: Mr. Davis is of age. I have spoken with him and he wants his Honor to know he moves to withdraw prior pleas and elections, he's going to plead nolo contendere to three misdemeanors. I want it on the record. I don't often do it, in other words, this plea is voluntary on his part, of course and let him make the decision and gave him certain of my views and have given him certain of my opinions. I want it for the record and I do this, because I'm practicing the defense of law and I don't often do this, maybe I should give him the best trial l, as a defense counsel can do. He wants to conclude it. So, therefore, I mentioned if he were to go to plea,

further indicates that in addition to informing the defendant of his right to a trial by jury, the court inquired as to whether the defendant had adequately discussed this choice with counsel.[5] Finding the pleas to have been voluntary and knowing, the court accepted them and postponed sentencing pending the outcome of a presentence investigation and report.

Subsequently, the defendant changed his mind and decided that he wished to withdraw his pleas of nolo contendere. On March 25, 1986, the defendant again appeared in court. The attorney who represented the

and I think he has a right to plea, of nolo contendere would be best. I want it on the record.

"The Court: Prior pleas and election withdrawn. May be put to plea.

"Mr. Sedensky: The State's filing a substitute information, your Honor, Unlawful Restraint, second degree, Assault, third and Interfering with a Police Officer.

"Mr. Mirsky: Your Honor, he pleads nolo contendere. My understanding, your Honor, these are the three misdemeanors and you still want a P.S.I. I explained to him and we will put the arrangement that was made between the parties on the record and do this again. I want to make sure it is voluntary and ask him the questions and never let it be said I pushed him in this case. There are certain cases I do push.

"Thank you sir."

[5] The court canvassed the defendant as follows:

"The Court: Pleading nolo, you are giving up the right to a trial by a judge or jury, giving up your right to confront your accusers, giving up your right to present evidence on your own behalf, giving up the right not to be compelled to incriminate yourself in any way or testify if there was a trial. You are giving up your right to remain silent and your right to take an appeal if you were found guilty at the end of a trial. When you plead guilty you give up or waive those rights, do you understand that?

"The Accused: Yes.

"The Court: Has anyone forced or threatened you in any way to cause you to plead guilty to the substituted—or plead nolo contendere to the substituted misdemeanor charges?

"The Accused: No.

"The Court: Are you doing that freely and voluntarily and is it your decision to enter the pleas at this time, subsequent to discussions with your attorney, Mr. Mirsky and overall consideration of your situation in light of the cases?

"The Accused: Yes."

defendant during his pleas of nolo contendere was present as was an attorney affiliated with new counsel who the defendant had retained to assume representation of the case. The defendant was allowed to withdraw these pleas. The four original charges were reinstated. The colloquy between the court and the defendant proceeded as follows:

"The Court: Now, for the record, sir, I'm going to ask the clerk to put you to plea on those four charges all over again today and you'll be allowed to answer not guilty or guilty and I'll ask your counsel for your election to be tried by Court or jury. Put him to plea on that.

"The Clerk: To the charge of risk of injury in violation of 53a-21; how do you plea?
"The Defendant: Not guilty.
"The Clerk: Assault in the third degree in violation of § 53a-61 on August 30, 1985; how do you plea?
"The Defendant: Not guilty.
"The Clerk: Unlawful restraint in the first degree in violation of 53a-95 on August 30th, 1985; how do you plea?
"The Defendant: Not guilty.
"The Clerk: Interfering with an officer, 53a-167a (a) on March 30th, 1985; how do you plea?
"The Defendant: Not guilty.
"The Court: Election, counselor?
"Mr. Johnson: Court trial, your Honor.
"The Court: Court or jury?
"Mr. Johnson: Court."

Waiver of a person's right to a trial to a jury "must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and the likely consequences." *Brady* v. *United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *State* v. *Reed,* 174 Conn. 287, 293, 386 A.2d 243 (1978). Moreover, every reasonable presumption against such a waiver

must be indulged and acquiescence will not be presumed from a silent record. *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *State* v. *Shockley,* 188 Conn. 697, 707, 453 A.2d 441 (1982). The defendant contends that the record below is close to silent as to whether he knowingly and intelligently relinquished his right to a jury trial. We disagree.

Personal interrogation of the defendant by the court is not an indispensible prerequisite to a valid waiver under the federal constitution. See *State* v. *Marino,* supra; *State* v. *Crump,* supra, 502. The real issue is whether the election was in fact intelligently and voluntarily made and whether the record so demonstrates. *State* v. *Shockley,* supra, 710. An appellate court can look to many factors when evaluating whether a record indicates a defendant's waiver was knowingly and voluntarily made. For example, in one recent case our Supreme Court found that "the trial court's express mention of waiver of the right to *trial* [rather than right to trial by court or jury], combined with the defendant's prior election for a jury trial, his experience with criminal proceedings and apparently adequate representation by counsel, satisfy the constitutional requirement." (Emphasis in original.) *State* v. *Badgett,* 200 Conn. 412, 420, 512 A.2d 160 (1986).

After close examination of the record, we are not presented with a picture of a defendant "bewildered by court processes strange and unfamiliar to him . . . ." *Smith* v. *Grady,* 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941); *State* v. *Shockley,* supra. Rather, we see a defendant who actively participated in the decision making process with defense counsel, even to the point of disagreement concerning his pleas of nolo contendere in January. When he changed his mind concerning his pleas, he took it upon himself to retain new counsel and the court allowed him to withdraw his prior pleas. In each of his three court appearances, which

occurred within a period of six months, the question of a jury trial arose. The defendant, through counsel, elected a jury trial initially. He also personally indicated his understanding that he was waiving this right through his plea of nolo contendere in January. When he again elected to enter not guilty pleas, he was informed by the court one more time that a jury trial was still an option. On these facts, we find that the record manifests an intelligent and voluntary waiver by the defendant.

There is no error.

In this opinion the other judges concurred.