STATE OF CONNECTICUT *v.* PHU DINH LE
(6571)

BORDEN, SPALLONE and FOTI, Js.

Argued October 6, 1988—decision released January 17, 1989

*Robert Farr,* for the appellant (defendant).

*Paul Ferencek,* deputy assistant state's attorney, with whom were *Susann E. Gill,* assistant state's attorney, and, on the brief, *T. R. Paulding, Jr.,* deputy assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from a judgment of conviction,[1] rendered after a trial to the court, of unlawful restraint in the first degree in violation of General Statutes § 53a-95[2] and breach of peace in violation of § 53a-181.[3] The only issue raised on appeal is whether the trial court erred in finding that intent is not an essential element of the crime of unlawful restraint. We find error.

The trial court found the following facts. On November 29, 1986, the defendant attended a dance in East

[1] The defendant was acquitted of the charge of disorderly conduct in violation of General Statutes § 53a-182.

[2] "[General Statutes] Sec. 53a-95. UNLAWFUL RESTRAINT IN THE FIRST DEGREE: CLASS D FELONY. (a) A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury.

"(b) Unlawful restraint in the first degree is a class D felony."

General Statutes § 53a-91 (1) defines "restrain": " 'Restrain' means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in a place where the restriction commences or in a place to which he has been moved, without consent. As used herein 'without consent' means, but is not limited to, (a) deception and (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement."

[3] "[General Statutes] Sec. 53a-181. BREACH OF PEACE: CLASS B MISDEMEANOR: (a) A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (3) threatens to commit any crime against another person or his property; or (4) publicly exhibits, distributes, posts up or advertises any offensive, indecent or abusive matter concerning any person; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public, hazardous or physically offensive condition by any act which he is not licensed or privileged to do.

"(b) Breach of peace is a class B misdemeanor."

Hartford. While at the dance, Viet Nguyen,[4] who was accompanied by the defendant, approached the victim and blew smoke in his face. Later that evening, as the victim and his wife were leaving the hall, the defendant seized the victim from behind and told him to exit the premises. The victim responded: "Fine—let's get my wife and we'll get out of here; there's no sense of anything happening or anybody getting hurt real bad or going to jail." The defendant and the victim proceeded out of the building into the parking lot, with the victim remaining in the defendant's grasp. As they approached the victim's car, a group of people were waiting, including Nguyen, who kicked the victim. The defendant placed the victim in a headlock, and the victim was struck by another party. Eventually, the victim broke free of the defendant's grasp and began to defend himself. At that point, the altercation ended.

The defendant's defense at trial was that he was not an active participant in the assaults of the victim, but instead was attempting to break up the fight. The only disputed issue at trial, therefore, was the defendant's intent.

In its decision, rendered orally, the trial court found that intent was not an essential element of the crime of unlawful restraint. In particular, the trial court stated: "I'm not sure what his intentions were. But we have a situation here under the penal code where we have a section that doesn't call for intent."[5] The defendant claims that this conclusion was erroneous and denied him his right to a fair trial. We agree.

---

[4] A more detailed rendition of the factual circumstances of this case is reported in *State* v. *Nguyen,* 17 Conn. App. 234, 552 A.2d 823 (1988). The defendant and Viet Nguyen were tried together for violations stemming from the same incident, but the two filed separate appeals.

[5] The trial court made the following finding with respect to the essential elements of unlawful restraint: "Mr. Le is the one who presents the greatest amount of difficulty for me. The only reason that I could find him guilty

Before turning to the merits of the defendant's appeal, we address the issue of reviewability. The defendant, by neither objecting to the trial court's remarks when made nor moving for a new trial pursuant to Practice Book § 902, failed to preserve this issue properly for appeal. While it is the general practice of this court not to review claims not distinctly raised at trial; Practice Book § 4187; *State* v. *Chapman,* 16 Conn. App. 38, 48, 546 A.2d 929 (1988); *State* v. *Maisonet,* 16 Conn. App. 89, 97, 546 A.2d 951 (1988); we may, in the interests of justice, notice plain error not brought to the trial court's attention. Practice Book § 4187; *State* v. *Eric T.,* 8 Conn. App. 607, 614, 513 A.2d 1273 (1986). Because we find that the defendant's claim is one that involves a "truly extraordinary [situation], where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings"; *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); we will, to avoid a miscarriage of justice, invoke our discretionary authority.[6] Prac-

of the unlawful restraint in the first degree is because of the fact that there are people, at least two people, who testified of a headlock.

"All the statute requires is a restraint in a situation where he's exposed to danger or with substantial risk of physical injury. And a headlock when you have eight or ten people on you which would immobilize you and give them the opportunity to continue their assaults to me would be exposing that person who's being in the headlock to serious physical injury or substantial risk of serious—physical injury. I don't want to put in the word serious because it's not required. And a physical injury could be a black eye or a punch in the nose or almost anything.

"I'm not sure what his intentions were. But we have a situation here under the penal code where we have a section that doesn't call for intent. He might have been acting with the best of intentions but he created a situation that fits right within the purview of the statute."

[6] We emphasize that invocation of our supervisory authority to notice plain error is the exception and not the rule. This exception is not designed to "protect defendants or their counsel who, 'through neglect or inattention as a trial strategy refrain from making [a] proper objection or raising in the trial court any available constitutional defenses, confident that if the outcome of the trial proves unsatisfactory . . . they may still prevail by

tice Book § 4187; *State* v. *Eric T.,* supra, 614; *Barca* v. *Barca,* 15 Conn. App. 604, 606, 546 A.2d 887 (1988); see also *State* v. *Turello,* 183 Conn. 330, 332, 439 A.2d 364 (1981) (trial court's incorrect interpretation of a statute found to be plain error); *State* v. *Burke,* 182 Conn. 330, 331, 438 A.2d 93 (1980) (trial court's non-compliance with a mandatory statute found to be plain error).

We now turn to the merits of the defendant's claim. The trial court explicitly found, in its oral decision, that there was no mens rea element required to find the defendant guilty of unlawful restraint.[7] The plain language of the statute renders this finding erroneous. A person is guilty of unlawful restraint in the first degree when he or she *"restrains* another person under circumstances which expose the latter to a substantial risk of injury."* (Emphasis added.) General Statutes § 53a-95. General Statutes § 53a-91 (1), which applies to this section, defines the word "restrain" as restricting "a person's movements *intentionally* and unlawfully in such a manner as to interfere substantially with his liberty . . . ." (Emphasis added.) The use of the word "intentionally" within the statutory language of unlawful restraint requires proof of a specific intent by virtue of General Statutes § 53a-5.[8] See *State* v. *Shaw,* 186 Conn. 45, 53, 438 A.2d 872 (1982); *State* v. *Davis,* 13 Conn. App. 667, 672, 539 A.2d 150 (1988).

---

assigning error . . . for the first time on appeal.' " *State* v. *Cosby,* 6 Conn. App. 164, 172–73, 504 A.2d 1071 (1988), quoting *State* v. *Evans,* 165 Conn. 61, 67, 327 A.2d 576 (1973).

[7] We note that the trial court's written memorandum of decision, filed one year later at the request of this court, is not inconsistent with its oral finding.

[8] "[General Statutes] Sec. 53a-5. CRIMINAL LIABILITY; MENTAL STATE REQUIRED. When the commission of an offense defined in this title, or some element of an offense, requires a particular mental state, such mental state, is ordinarily designated in the statute defining the offense by use of the terms 'intentionally,' 'knowingly,' 'recklessly' or 'criminal negligence,' or by use of terms, such as 'with intent to defraud' and 'knowing it to be false,'

We conclude that because unlawful restraint is a specific intent crime it was error for the trial court to rule that intent was not an element which was required to be proven beyond a reasonable doubt.[9] The defendant is therefore entitled to a new trial.

There is error, the judgment is set aside as to the conviction of unlawful restraint and the case is remanded for a new trial on that charge.

In this opinion the other judges concurred.

describing a specific kind of intent or knowledge. When one and only one of such terms appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears."

[9] It is evident from the language of the trial court's oral decision; see footnote 5, supra; that it had difficulty determining the defendant's guilt in this case. We therefore cannot find this error harmless. See *State* v. *Brown,* 187 Conn. 602, 613, 447 A.2d 734 (1982).