## STATE OF CONNECTICUT *v.* EDWARD DeMAYO
## (5813)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 14, 1988—decision released May 2, 1989

*Richard Emanuel,* for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, with whom were *Mary Elizabeth Baran,* deputy assistant state's attorney, and, on the brief, *Christine Marsching,* law student intern, for the appellee (state).

FOTI, J. The defendant appeals from judgment of conviction, rendered after a jury trial, of two counts of risk

of injury to a child in violation of General Statutes § 53-21[1] and two counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73 (a) (1) (A).[2] On appeal, the defendant claims for the first time three violations of his constitutional rights: (1) his state and federal constitutional rights not to be twice placed in jeopardy for the same offense were violated by the trial court's imposition of multiple punishments for the same offense; (2) his constitutional right to a fair trial was violated by the prosecutor's remarks during final argument; and (3) the trial court's sequestration order denied him his rights to due process, effective assistance of counsel, compulsory process and to present a defense. We find that the record in this case does not support the defendant's claim that he was deprived of any constitutional rights.

This case involves allegations made by two minor victims that the defendant sexually abused them. The jury could reasonably have found the following facts. R and K are siblings and live across the street from the defendant. The defendant had a workroom in his garage, and R and K visited him there a number of times.

R testified that in the fall of 1985, when she was seven years old, the defendant placed his hand down her pants and under her shirt on a number of occasions. On one of these occasions, the defendant placed his hand inside

---

[1] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] General Statutes § 53a-73a (a) (1) (A) provides: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

R's pants and placed his finger in her "private parts." The defendant cautioned R not to tell anyone about these events.

K, R's older sister, testified that several times when she was thirteen years old, the defendant touched her breasts, buttocks and crotch. On one occasion, the defendant kissed K on the lips and put his tongue in her mouth. The defendant also asked K to touch him.

The defendant raises three claims of error on appeal that were not properly preserved at trial. See Practice Book § 4185. As to each, the defendant seeks review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), and the plain error doctrine. Practice Book § 4185. We find the Supreme Court's recent admonition to appellate counsel appropriate to this case. A "wholesale appellate reconstruction of the trial court proceedings does not serve the administration of justice. *State* v. *Pelletier,* 209 Conn. 564, 566–67, 552 A.2d 885 (1989); *State* v. *Hinckley,* 198 Conn. 77, 86–87, 502 A.2d 388 (1985). Appellate review of newly discovered issues cannot be guaranteed by couching every claim of error in the constitutional language of *State* v. *Evans,* supra, or the common law doctrine of plain error codified in Practice Book § 4185. Belated appellate scrutiny is warranted only for egregious errors that undermine the fairness of a trial and cast doubt on the integrity of the judicial process." *State* v. *Hull,* 210 Conn. 481, 484–85, 556 A.2d 154 (1989).

We have reviewed the defendant's claims of error and conclude that the record does not disclose that the defendant has been deprived of any fundamental constitutional right or a fair trial; *State* v. *Evans,* supra, 70; *State* v. *Sergi,* 7 Conn. App. 445, 448, 509 A.2d 56 (1986); or that any of the defendant's claims involve a " 'truly extraordinary [situation], where the existence

of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings' . . . ." *State* v. *Phu Dinh Le,* 17 Conn. App. 339, 342, 552 A.2d 448 (1989), quoting *State* v. *Hinckley,* supra, 87–88.

The defendant's first claim is that the trial court's imposition of multiple punishments for the crimes of sexual assault in the fourth degree and risk of injury to a child violated his rights under the double jeopardy clause of the fifth amendment to the federal constitution and under Connecticut law.[3] In particular, the defendant claims that because the long form information described the manner in which the defendant committed the crime of risk of injury to a minor as "subjecting her to sexual contact," the two crimes were "nominally" the same for double jeopardy purposes. Both the Supreme Court and this court have conclusively held that the imposition of multiple sentences for convictions of sexual assault and risk of injury to a child does not violate the double jeopardy clause because these crimes are not considered the "same offense" for the purpose of double jeopardy as "each require[s] proof of an element not required by the other . . . ." *State* v. *Perruccio,* 192 Conn. 154, 162, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984); see also *State* v. *McCall,* 187 Conn. 73, 91–92, 444 A.2d 896 (1982); *State* v. *Davis,* 13 Conn. App. 667, 671–72, 539 A.2d 150 (1988); *State* v. *Trujillo,* 12 Conn. App. 320, 335–36, 531 A.2d 142 (1987). The fact that the state has alleged that the same

---

[3] The fifth amendment to the United States constitution provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ."

Although the Connecticut constitution contains no specific double jeopardy provision, " 'the due process guarantees of article first, § 8, have been held to include such a protection.' " *State* v. *Van Sant,* 198 Conn. 369, 375 n.5, 503 A.2d 557 (1986), quoting *State* v. *Rawls,* 198 Conn. 111, 113 n.3, 502 A.2d 374 (1985).

conduct constituted the charges does not alter this result. *State* v. *Trujillo,* supra; see also *State* v. *Perruccio,* supra, 154.

Because the defendant has not "clearly been deprived of a constitutional right"; *State* v. *Evans,* supra, 70; his first claim is not reviewable under *Evans.* See *State* v. *Bailey,* 209 Conn. 322, 332, 551 A.2d 1206 (1988); *State* v. *Thurman,* 10 Conn. App. 302, 306–307, 523 A.2d 891, cert. denied, 204 Conn, 805, 528 A.2d 1152 (1987); *State* v. *Huff,* 10 Conn. App. 330, 334, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). Similarly, we find the defendant's assertion that this claim is reviewable as plain error equally unavailing.

The defendant's second unpreserved[4] claim is that he was deprived of his state and federal rights to due process of law and a fair trial by certain remarks made by the prosecutor during closing argument. *Evans* review of alleged prosecutorial misconduct is reserved for those cases in which the prosecutor's conduct manifested "an egregious pattern of blatant prejudicial misstatements"; *State* v. *Hull,* supra, 485; *State* v. *Smith,* 209 Conn. 423, 428, 551 A.2d 742 (1988); *State* v. *Williams,* 204 Conn. 523, 537, 529 A.2d 653 (1987); and has been denied in cases where the " ' "claimed misconduct consisted of isolated and brief episodes, and did not reveal a pattern of conduct repeated throughout the trial." . . . ' " *State* v. *Smith,* supra; *State* v. *Williams,* supra.

We have reviewed the record in this case and conclude that the prosecutor's remarks did not rise to the level of a constitutional violation and, therefore, this claim does not merit full review under *State* v. *Evans,*

---

[4] The defendant made one objection during the state's closing argument that related to one particular comment by the prosecutor. The defendant did not take an exception, request a curative instruction, or move for a mistrial.

supra. For similar reasons, we refuse to review this claim under the plain error doctrine.

The defendant's final unpreserved claim of error merits little discussion. The defendant claims a multitude of constitutional violations resulting from the trial court's sequestration order that in addition to requiring all witnesses, except the defendant, to remain outside the courtroom and not discuss the case, also precluded the defendant from discussing the case with potential witnesses. The defendant claims that this order precluded him from participating meaningfully in his own defense. We have reviewed the record in a limited way and conclude that the defendant's claim is not "truly of constitutional proportions [but] is simply characterized as such by the defendant." *State* v. *Thurman,* supra, 306; *State* v. *Huff,* supra, 334. Consequently, this claim is not reviewable under *State* v. *Evans,* supra. We reach this result after reviewing the circumstances of this case. See *State* v. *Huff,* supra, 335.

Prior to trial, the court granted the state's motion to sequester all witnesses from the courtroom. The order also precluded all witnesses, including the defendant, from speaking about the case to each other. Although this order included the defendant, the trial court did not prohibit the defendant's attorney from conferring with witnesses. The defendant did not object to this order, but merely requested clarification as to whether the order pertained to him. During the course of the trial, the defendant did not request a modification of the sequestration order to allow him to confer with any particular witness.

We fail to see how a general sequestration order, which included the defendant, violated any of his constitutional rights, particularly in a case in which the defendant did not seek permission to talk to any wit-

nesses during the course of the trial and does not argue any particular prejudice to his case. Any possible prejudice to the defendant would have undoubtedly been cured by the fact that the order did not encompass the defendant's counsel. Under the circumstances of this case, we decline to review this claim under *State* v. *Evans,* supra. We are similarly unpersuaded that we should exercise our "principled appellate discretion" to review this claim under the plain error doctrine. The trial court's sequestration order did not constitute a "manifest injustice to the defendant so as to impair the effectiveness and integrity of the trial." *State* v. *Huff,* supra, 339.

There is no error.

In this opinion the other judges concurred.