## STATE OF CONNECTICUT *v.* JOHN BOWMAN, JR.
### (AC 17922)

O'Connell, C. J., and Sullivan and Spallone, Js.

Argued March 22—officially released June 8, 1999

*Theresa M. Dalton*, assistant public defender, for the appellant (defendant).

*Robert J. Scheinblum*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David P. Gold*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, John Bowman, Jr., appeals from the judgment of conviction following a jury trial, of the crime of manslaughter in the first degree with a firearm as an accessory in violation of General Statutes §§ 53a-55a, 53a-55 (a) (1) and 53a-8. The defendant claims that the trial court improperly charged the jury on consciousness of guilt, reasonable doubt and the jurors' duties. We do not agree.

The defendant concedes that he neither submitted a request to charge on these issues nor were they properly preserved by his objecting to the instructions given, and he seeks review pursuant to *State* v. *Evans*, 165

Conn. 61, 70, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1]

"It is well settled that a jury instruction is to be examined in its entirety, and that the test to be applied is whether the charge as a whole presents the case to the jury so that no injustice will be done. *State* v. *Derrico*, 181 Conn. 151, 170, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980). *State* v. *Lytell*, 206 Conn. 657, 664, 539 A.2d 133 (1988); see also *State* v. *Findlay*, 198 Conn. 328, 346–47, 502 A.2d 921, cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986). *State* v. *Hines*, [243 Conn. 796, 818–19, 709 A.2d 522 (1998)]." (Internal quotation marks omitted.) *State* v. *Clark*, 48 Conn. App. 812, 821, 713 A.2d 834, cert. denied, 245 Conn. 921, 717 A.2d 238 (1998).

After a plenary review of the record, transcripts, briefs and the trial court's instructions to the jury, we determine that there was nothing improper about the trial court's charge to the jury; the defendant's claims here do not meet the third prong of *Golding* in that no constitutional violation exists.

The judgment is affirmed.

---

[1] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances."