STATE OF CONNECTICUT *v.* MITCHELL JACOB
(AC 20213)

Foti, Dranginis and Daly, Js.

Argued June 4—officially released September 4, 2001

*John R. Williams*, with whom, on the brief, was *Brian D. Russell*, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Mitchell Jacob, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1).[1] On appeal, he claims that (1) the evidence was insufficient to sustain his conviction, (2) the trial court improperly allowed evidence under the constancy of accusation doctrine and (3) the charging document was constitutionally defective in failing to provide him with adequate notice of the crime with which he was charged. We affirm the judgment of the trial court.

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

The jury reasonably could have found the following facts. On September 13, 1997, the victim, a young woman who was a student at Fairfield University, attended a party in Fairfield at a house at the beach that was rented by four women who also attended the university. The victim arrived at approximately 7 p.m. and met the defendant, whom she did not know and who was not a fellow student. Later, they talked and kissed in the kitchen. He asked her to go for a walk, but she refused. There were thirty to forty people at the party.

The victim and the defendant observed a drinking game being played on the deck with the use of Ping-Pong balls, which would occasionally roll off the deck and down a path leading to an embankment. The defendant asked the victim to go with him to retrieve the Ping-Pong balls that had rolled away, the victim agreed to go with the defendant, and they proceeded down the path and the embankment. Once there, the defendant kissed the victim and placed his hands inside her pants, sticking his fingers inside her. The victim screamed, "No, no sex." The victim felt extreme pain and backed away screaming and moaning. The defendant refused to let her go, and, as they struggled, the victim fell and the defendant was on top of her attempting to penetrate her with his penis. She struggled and managed to get out from under him, but he hoisted himself up and stuck his penis in her mouth. She immediately spit it out, and he continued trying to insert his penis in her mouth, but she resisted. The defendant ejaculated onto her face and left. The victim sustained abrasions on her back, left shoulder and left thigh. She also had multiple abrasions and lacerations in the vaginal area.

I

The defendant claims that the state failed to satisfy its burden of proving beyond a reasonable doubt that

he used force or the threat of force to sustain his conviction for sexual assault in the first degree. He also argues that the state failed to prove lack of consent on the part of the victim.

For the defendant to be convicted of the charge, the state had the burden to prove beyond a reasonable doubt that the defendant compelled the victim to engage in sexual intercourse by the use of force or the threat of force. General Statutes § 53a-70 (a) (1); see *State* v. *Davis*, 61 Conn. App. 621, 634, 767 A.2d 137, cert. denied, 255 Conn. 951, 770 A.2d 31 (2001).

The defendant does not claim that the acts constituting sexual intercourse did not take place, but rather claims that they were consensual. It appears that the defendant's claim is that the jury should have believed him rather than the victim. The jury obviously found the victim's testimony to be credible, namely, that she exclaimed, "No, no sex," that she backed away in pain, that she struggled and fought, that when the defendant was on top of her she resisted and got out from under him, and that she vigorously resisted and fought his attempts to put his penis in her mouth.

## II

The defendant next claims that the trial court improperly allowed as evidence the testimony of two witnesses concerning their conversations with the victim in violation of the evidentiary rule set forth in *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996) (en banc), concerning constancy of accusation testimony in sexual assault cases.

## A

The first witness whose testimony is challenged was Susan Birge, a counselor at the university who had counseled the victim for one year. When asked what the victim had told her, she answered: "On the first session, she explained to me that she was at some

friend's house in Fairfield beach and that she was inter-
acting with a young man [and] that they ended up off
the deck area. I think it was off the rear of the cottage.
And she said that—she described that he started kissing
her, that she was frightened, that she was scared, that
he stuck his fingers up her, put his hands down her pants
and shoved her fingers—his fingers into her vagina. She
said it was incredibly painful. She couldn't sit back the
first day that I met her. She was on the edge of the
couch. She said it was very painful."

The defendant did not object to Birge's testimony,
and, therefore, there is no evidentiary ruling for this
court to review. The defendant does not seek review
under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d
823 (1989), but rather seeks plain error review. The
defendant agrees that there is no constitutional issue
involved and that the issue is strictly evidentiary in
nature.

We will not undertake a plain error review because
the claim is not one that by implication would affect
the fairness and integrity of and public confidence in
the judicial proceedings. Plain error review is not war-
ranted.

B

The victim's roommate, Helen Sini, testified that on
the night of the assault the victim had told her nothing
concerning the details of what had happened but only
how she had told the defendant, "No sex," and that the
defendant had hurt her. Sini testified that following the
night of the assault, the victim, in talking about the
incident, never used the words sexual assault or rape.

The assistant state's attorney asked Sini: "Did she
ever indicate to you . . . that she had been pene-
trated?" The witness answered, "Yes." She was then
asked, "What did she tell you?" Sini answered, "Well,

she told me that he had been inside of her." Although the defendant argues that his claim as to the testimony of Sini is preserved, the record discloses that the defendant did not object to these questions, nor did he make any motions to strike the answers.[2] The defendant seeks plain error review.

At oral argument, the defendant agreed that the sole issue at trial concerned consent. He admitted to the conduct constituting sexual intercourse. We will not undertake a plain error review because it is not warranted under these circumstances. Even if we were to review this unpreserved claim and to conclude that the testimony violated the rule set forth in *Troupe*, we would nevertheless conclude that any error was harmless.

## III

The defendant's final claim is that the information was constitutionally defective in that it did not inform him of what specific conduct violated the statute. He claims that his rights under the sixth amendment to the United States constitution[3] and article first, § 8, of the Connecticut constitution[4] were violated. The defendant argues that although this claim was not preserved at

[2] The prosecutor also asked the witness: "Did she [the victim] indicate to you whether or not there had been force used in order to do that [i.e., penetrate her]?" The defendant objected to the question, and the trial court sustained the defendant's objection.

[3] The sixth amendment to the United States constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

[4] Article first, § 8, of the constitution of Connecticut provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; [and] to be informed of the nature and cause of the accusation . . . ."

trial, we should "review issues of constitutional significance" under *State* v. *Golding*, supra, 213 Conn. 239–40, and *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973).

Although the record is adequate for review and the defendant alleges a violation of a constitutional right, that alleged constitutional violation does not clearly exist, and the defendant was not deprived of a fair trial. See *State* v. *Golding*, supra, 213 Conn. 239–40. Our review of the record discloses that the information contained the specific statutory section that the defendant allegedly violated, together with the date, time and place of the occurrence. The defendant never filed a motion for a bill of particulars. It is the defendant's burden to file such a motion if greater details are sought about how the crime alleged was committed. *State* v. *Rogers*, 38 Conn. App. 777, 789, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 58f, p. 332. The defendant fails to cite any authority that requires the state to plead facts in an information. Therefore, the defendant may not prevail because his claim fails to satisfy the third prong of *Golding*.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] "In *Golding*, [our Supreme Court] held: [A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Cole*, 50 Conn. App. 312, 318, 718 A.2d 457 (1998), aff'd, 254 Conn. 88, 755 A.2d 202 (2000).